UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| BRUCE SETTLE, | ) | |
| Laurie Settle, as Representative for Bruce Settle, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:23-cv-01063-JPH-TAB |
| | ) | |
| SENIOR CHOICE PLANS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PLAINTIFF'S MOTION TO COMPEL**

This cause is before the Court on Plaintiff Bruce Settle's second motion to compel Defendant Senior Choice Plans, LLC, to provide a complete response to Plaintiff's request for production No. 13. [Filing No. 38.] RFP No. 13 sought the following information:

> Please produce all documents containing any of the following information for each outbound telemarketing call sent by you or your venders:
> a) the date and time;
> b) the caller ID;
> c) any recorded message used;
> d) the result;
> e) identifying information for the recipient; and
> f) any other information stored by the call detail records.

[Filing No. 22.]

Plaintiff first sought to compel Defendant to provide information in response to RFP No. 13 in October 2023. [Filing No. 22.] The Court held a telephonic status conference to address Plaintiff's motion, then denied that motion as moot after the parties agreed that Defendant would produce the calling data requested in RFP No. 13 by October 30, 2023. [Filing No. 25.] Subsequently, Defendant sought an extension of time to respond to Plaintiff's discovery on the ground that it had changed counsel since the status conference. [Filing No. 27.] In a marginal

entry, the Court reiterated that Defendant was represented at the earlier conference by now-former counsel and stated that it would not allow Defendant to substantively change course. [Filing No. 30.] Defendant was given until November 13, 2023, to provide its response in compliance with the Court's earlier order. Defendant failed to do so.

Thus, on December 20, 2023, Plaintiff filed the instant motion to compel. [Filing No. 38.] Plaintiff argues that Defendant has "attempted to opt out if its obligation to comply with its commitment and the Court's prior Order." [Filing No. 38, at ECF p. 1.] Instead, Plaintiff complains that Defendant produced a small selection of telemarketing calls made at its behest, but "limited those calls to March 28, 2023 forward" and then made a general objection to discovery, weeks after the Court entered its order. [Filing No. 38, at ECF p. 1.]

Defendant responds to Plaintiff's motion by attacking Plaintiff's underlying claims as "frivolous, if not malicious." [Filing No. 42, at ECF p. 1.] Defendant sets forth lengthy arguments claiming Plaintiff's individual claims under the Telephone Consumer Protection Act are inherently deficient, Plaintiff lacks Article III standing, and Plaintiff's class allegations and claims are deficient. However, these arguments relate to issues not presently before the Court. Defendant has not filed a motion to dismiss or other dispositive motion. Rather, this is a discovery dispute, and Defendant already agreed to provide a complete response to Plaintiff's request. Defendant cannot change course simply because it changed lawyers.

The Court addressed exactly this issue in its October 31, 2023, order, explaining:

> Plaintiff's counsel objects to this motion [Filing No. 28], and rightly so. Defendant has had a change of counsel since the October 25, 2023, status conference at which the Court addressed Plaintiff's motion to compel. The parties entered into certain agreements at that conference and, as a result, the Court denied Plaintiff's motion to compel as moot. [Filing No. 25.] Defendant's new counsel now seems to distance Defendant from these agreements, going so far as to say the October 25 conference "apparently" was a discovery conference, but that Defendant "had no knowledge of that conference and the resulting order."

2

> However, Defendant was represented at the conference (and when the resulting order issued) by its now former counsel. The Court, having denied Plaintiff's motion to compel based upon agreements reached between counsel, will not allow Defendant to substantively change its course.

[Filing No. 38, at ECF p. 6.] Thus, the Court is prepared to grant Plaintiff's motion to compel.

However, the Court cannot decipher from the briefing what specific date range of documents responsive to Plaintiff's request Defendant has not yet produced. Defendant claims it has fully complied with the Court's October 31 order by producing detailed call records for the period of March 28, 2023, through June 15, 2023, as well as additional call records responsive to Plaintiff's request that were produced on January 10, 2024. [Filing No. 42, at ECF p. 1.] Plaintiff's reply does not specify what information or documents Defendant may still have failed to produce. Therefore, Plaintiff has 14 days to file a supplemental brief that explains what additional information Plaintiff believes he is entitled to, and the related date range. Defendant has seven days thereafter to respond. In the meantime, the Court keeps this matter under advisement.

Date: 1/19/2024

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email